**Steven A. Kraemer,** OSB No. 882476
E-mail:  sak@hartwagner.com
**Matthew J. Kalmanson,** OSB No. 041280
E-mail:  mjk@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

    Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ORBITAL PUBLISHING GROUP, INC., a New York corporation, and LIBERTY PUBLISHERS SERVICE, INC., a New York corporation, | No. 1:15-cv-00480-CL |
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |
| BRIDGET WELLS, individually, and PERIODICAL WATCHGUARD, LLC., a North Carolina limited liability company, | **(ORAL ARGUMENT REQUESTED)** |
| Defendants. | |

**RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for defendants, Matthew Kalmanson, conferred with counsel for plaintiffs, David Lennon, on the basis for this motion, both by letter and telephone. The parties could not agree, necessitating the filing of this motion.

## MOTION

Defendants Bridget Wells and Periodical Watchguard, LLC move: (1) to dismiss for lack of personal jurisdiction; (2) to dismiss for improper venue; (3) to transfer venue to the Western District of North Carolina; (3) to dismiss under Or. Rev. Stat. § 31.150, Oregon's anti-Strategic Lawsuits against Public Participation (anti-SLAPP) statute; and (4) to dismiss based on the statute of limitations and failure to state a claim. The motion is supported by the following Memorandum of Law; Request for Judicial Notice; Declaration of Bridget Wells; and Declaration of Matthew J. Kalmanson with attached exhibits.

## MEMORANDUM OF LAW

**1.    Relevant Allegations and Facts**

 **A.    Allegations.**

Plaintiffs are Orbital Publishing Group, Inc. and Liberty Publishers Service, Inc.  Both are New York corporations.  (Cmplt, ¶¶2-3.) Orbital is alleged to have operated in Oregon and Nevada in some manner. (*Id.*)  Plaintiffs are alleged to have had "banking relationships" in Oregon and used "clearing firms" in Oregon.  (*Id*, ¶¶3, 21.) Orbital ceased operations in "about 2012" and Liberty ceased operations "in or about 2014." (*Id.*, ¶¶2-3)

Plaintiffs allege that they market and sell magazine subscriptions to consumers through direct mail.  Their business model is to "solicit consumers through direct mail to sell subscriptions for magazines whose publishes accept orders from independent agents." (*Id.*, ¶13.) After receiving orders, plaintiffs "forward the orders to clearing firms that work directly with publishers . . . together with the previously agreed upon remittance." (*Id.*, ¶ 15.)  The customer then is supposed to receive the magazine from the publisher. (*Id.*, ¶ 16.)

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Defendant Bridget Wells resides in North Carolina. (*Id*, ¶ 4.) Her company, defendant Periodical Watch Guard LLC ("Periodical"), is a North Carolina Limited Liability Company. (*Id.*, ¶ 5.) Ms. Wells and Periodical assist publishers in identifying fraudulent sales of magazine subscriptions. (*Id.*, ¶ 6.) Plaintiffs allege Defendants targeted them as companies that were defrauding consumers. (*Id.* ¶ 18.) Plaintiffs allege "upon information and belief" that she did so to "put Orbital and Liberty out of business to improperly divert business away from Orbital and Liberty to those clearing firms, agents, and publishers in which she has an interest or that pay her." (*Id.*)

Plaintiffs bring one claim for relief: intentional interference with business relations under Oregon law. The Complaint contains one allegation that is not made on information and belief – that in 2015 Wells spoke at a New York City seminar and "encouraged the attendees" to contact state and federal agencies about plaintiffs. (*Id.*, ¶¶ 24-30). The remaining alleged acts and omissions all are made on "information and belief."

Plaintiffs allege on "information and belief" that Wells "encouraged publishers" to contact various attorneys general to file complaint about plaintiffs, which lead the publishers to file "baseless complaints with Attorney Generals' [sic] office across the country." (*Id.*, ¶¶35-39.) Plaintiffs allege on "information and belief" that Wells contacted "Attorney Generals [sic] in multiple states," who contacted Plaintiffs' "vendors, members of the publishing industry, banks and customers as part of their investigations into purported fraud." (*Id.*, ¶¶40-44.) Plaintiffs allege the investigations "had a chilling effect on Orbital and Liberty's business relationships with its banks, members of the publishing industry, vendors and customers." (*Id.*, ¶ 45.)

Plaintiffs also allege on "information and belief" that Wells "contacted Orbital and Liberty's banks" and misrepresented that Plaintiffs were using the banks for improper purposes.

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

(*Id.*, ¶ 47.) Defendants purportedly "encouraged publishers" to contact Orbital's banks and "encouraged publishers" (*Id.*, ¶48-49.)

**B.    Facts Subject to Judicial Notice.**

The Complaint contains allegations about State investigations and "baseless" lawsuits against Plaintiffs. This Court may take judicial notice of those complaints and dockets, which are attached to the declaration of Matthew Kalmanson. At least Oregon, Texas, New York, Wisconsin and Minnesota have sued Plaintiffs for, *inter alia*, civil racketeering and fraud. (Kalmanson Declaration, Exhs A-E.)

**C.    Jurisdictional Facts.**

Ms. Wells is a North Carolina resident. (Wells Declaration, ¶2.) Periodical Watch Guard, is a North Carolina business that operates out of North Carolina. (*Id.* ¶3.) Ms. Wells has been to Oregon one time, on vacation to the coast over six years ago. (*Id.*, ¶4.) Ms. Wells owns no property in Oregon. (*Id.*, ¶ 2.)

Regarding the allegations in the Complaint, Wells has not contacted any banks in Oregon about Plaintiffs. (*Id.*, ¶ 5 .) Wells has spoken to representatives of Oregon DOJ over the phone as part of its ongoing investigation into Plaintiffs. (*Id.*, ¶ 6.) In early 2015, she agreed to be a witness in DOJ's racketeering case against Plaintiffs. (*Id.*) This lawsuit was filed shortly thereafter. As of the date of this motion, Ms. Wells has not testified against Plaintiffs or participated in any judicial proceedings in Oregon against Plaintiffs. (*Id.*)

**2.    This Court Does Not Have Personal Jurisdiction Over Defendants.**

This Court lacks personal jurisdiction over Defendants. The primary connection between Defendants and Oregon is that Plaintiff Orbital operated in Oregon in some unknown manner. Plaintiffs also allege that third parties took action against Plaintiffs that impacted Plaintiffs in

Page 4 - **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Oregon. Under the recent case *Walden v. Fiore,* 134 S Ct 1115 (2014), however, such allegations are insufficient for this Court to exercise personal jurisdiction.

### A.     General Principles of Personal Jurisdiction.

Plaintiffs have the burden of demonstrating that personal jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Because Plaintiffs only bring a state tort claim, this Court must apply Oregon law when determining jurisdiction. *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Oregon's long-arm statute permits the exercise of personal jurisdiction to the limits allowed by the United States Constitution. *See Gray & Co. v. Firstenberg Machinery Co., Inc.,* 913 F.2d 758, 760 (9th Cir.1990). Plaintiffs thus must establish that Defendants have "minimum contacts" with Oregon so that the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *Id.*

### B.     The Court Does Not Have General Jurisdiction Over Defendants.

Personal jurisdiction may be "general" or "specific." For "general" jurisdiction to exist, a defendant must engage in "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger,* 374 F.3d at 800. It is an "exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

Plaintiffs cannot show general jurisdiction. The Complaint does not describe the type of "continuous and systematic" business contacts that approximate "physical presence" in Oregon.

### C.     The Court Does Not Have Specific Jurisdiction Over Defendants.

The Ninth Circuit has established a three-prong test for "specific" personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

       **1.**      **Purposeful Direction Under *Walden v. Fiore.***

In the context of an intentional tort claim, the Ninth Circuit evaluates whether the defendant (1) committed an intentional act; (2) aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). This test must be considered in light of *Walden v. Fiore*, 134 S. Ct. 1115 (2014), however, which rejected the Ninth Circuit's version of this test because it allowed courts to exercise jurisdiction over a defendant based on the contacts of the plaintiff and third parties.

The petitioner in *Walden* was a federal officer who confronted Nevada residents in an airport in Georgia, seized their money, and drafted a false forfeiture affidavit. The Ninth Circuit held that jurisdiction existed in Nevada because defendant targeted Nevada residents by taking "actions . . . outside the forum state for the purpose of affecting a particular forum resident or a person with strong forum connections."

The Supreme Court reversed because a defendant's relationship with the forum state "must arise out of contacts that 'the defendant *himself*' creates with the forum state," not those created by the plaintiff or third parties. *Id.* at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 562, 475 (1985)). However "significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Rather than examining the

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

location of the impact of a defendants' conduct, a court must examine the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* A court cannot allow a "plaintiff's contacts with the defendant and forum" or the activity of third parties "to drive the jurisdictional analysis." *Id.* at 1125-26.

>       2.     **The Court Cannot Exercise Jurisdiction Based on Conduct of
>              Plaintiffs or Third Parties.**

Defendants are residents of North Carolina. Defendant Wells has been to Oregon once, on vacation. There is one specific "incident" in the Complaint that is not made on "information and belief" – Defendants purportedly made statements about Plaintiffs at a seminar in New York City. There is no connection between that allegation and Oregon, other than that Plaintiffs operated in Oregon in some manner. Plaintiffs also allege that third parties refused to do business with them after that seminar. Even if true, jurisdiction cannot be based on the conduct of third parties. *Id.* at 1122; *see also Picot*, 780 F.3d at 1213 (holding plaintiff's relationships with third parties in the forum state does not create jurisdiction over defendant).

Plaintiffs also make various allegations upon information and belief, including that Wells contacted unnamed banks and attorneys general. Jurisdiction cannot be asserted based on equivocal allegations like these -- Plaintiffs have the burden of establishing "purposeful direction," and showing that their claims arise out of those specific facts. Plaintiffs' allegations do not satisfy that burden.

Wells has spoken to the Oregon Department of Justice via telephone about its ongoing investigation of Plaintiffs. In 2015, at DOJ's request, Wells agreed to be a witness in its racketeering case against Plaintiffs and others. Plaintiffs filed this lawsuit shortly thereafter. Wells has not testified or filed any documents in that case.

Page 7 - **DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

Again, personal jurisdiction cannot be based on the conduct of third parties – including the Oregon Department of Justice in filing a lawsuit against Plaintiffs. Moreover, phone calls from an out-of-state defendant to a plaintiff who resides in a forum state does not create personal jurisdiction in that state, thus the same must be true of phone calls with third parties. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (holding law firm's phone calls and letters to client in California were insufficient to create a "substantial connection" with California). This Court does not have personal jurisdiction over Defendants.

### 3.    Plaintiff Cannot Establish that their Claim Arises out of Forum Related Activities.

Even if phone calls with Oregon DOJ are sufficient to show Defendants purposefully directed activity at Oregon, Plaintiffs must establish that "but for the defendants' forum related contacts, the asserted claims would not have arisen." *Menken v. Emm,* 503 F.3d 1050, 1058 (9th Cir. 2007). Plaintiffs cannot meet her burden, particularly if jurisdiction is based on phone calls with DOJ about its investigation of Plaintiffs, unless Plaintiffs are alleging that it had an economic relationship with Oregon DOJ. This court, therefore, must dismiss this case.

### 4.    Application of Personal Jurisdiction Would Not Be Reasonable.

Even if this Court believes that Defendants directed activity at Oregon that serves as the basis for Plaintiffs' claims, the Court must determine whether the exercise of jurisdiction is reasonable. The burden of demonstrating "unreasonableness" rests with Defendants.

In determining "reasonableness," this Court must consider: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

forum to the plaintiff's interest in obtaining convenient and effect relief; and (7) the existence of an

alternative forum. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,

1132 (9th Cir. 2003).

It would not be reasonable for this Court to exercise jurisdiction over Defendants. If

Defendants "interjected" themselves into Oregon's affairs, it was minimal. It would be costly and

burdensome to require North Carolina residents to defend themselves in Oregon, particularly when

the primary incident alleged in the Complaint took place in New York City, and involve New York

Corporations. Moreover, it is unclear from the Complaint what connection these Defendants still

have with Oregon. Only Orbital is alleged to have operated in Oregon, until 2012, and there is no

allegation about Plaintiffs' ownership structure or continued presence in Oregon.

Oregon has little interest in adjudicating this dispute. This case will negatively impact the

State's ability to investigate fraudulent conduct by out-of-state corporations, if calling an out-of-

state witness subjects that person to a federal lawsuit in Oregon. Oregon has no interest in seeing

Defendants hauled into federal court in Oregon, or protecting New York Corporations who are

being sued for defrauding Oregonians. The exercise of personal jurisdiction over Defendants in

Oregon would not be reasonable.

**3.     Alternative Motion to Dismiss for Improper Venue.**

In the alternative, defendants move to dismiss pursuant to Fed R. Civ. Pro. 12(b)(3) for

improper venue. Title 28 U.S.C. § 1391 provides:

> **(b)  Venue in General.** – A civil action may be brought in –
>
> **(1)** a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated; or

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

**(c) Residency.**--For all venue purposes--

**(1)** a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

**(2)** an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

**(3)** a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

Both Defendants are North Carolina residents, and therefore venue is proper in a "judicial district in which any defendant resides," *i.e.*, the Western District of North Carolina.  § 1391(b)(1).

Plaintiffs allege, however, that a "substantial part of the events or omissions giving rise to the claim" occurred in Oregon.  That is belied by the Complaint.  There is one allegation not made on information and belief – that Defendants disparaged Plaintiffs in New York.  Defendants do not allege that any of the tortious "events or omissions" purportedly undertaken by Defendants took place in Oregon – they allege only that third parties acted in Oregon or that Defendants' felt an impact in Oregon.  All of the "events or omissions" by Defendants at issue in this case took place outside of Oregon.  Thus, the Court should dismiss this lawsuit under Rule 12(b)(3).

**4.    In the Alternative, this Court Should Transfer Venue to North Carolina.**

In the alternative, if this Court determines that personal jurisdiction exists over Defendants and that venue is proper here, Defendants request that this Court transfer venue to the Western

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

District of North Carolina. Title 28 U.S.C. § 1404(a) provides, in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

In assessing whether to transfer venue, this Court must consider: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 31, 108 S. Ct. 2239, 101 L. Ed.2d 22 (1988). The Ninth Circuit has identified additional factors for a court to consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.
>
> *Jones v. GNC Franchising Inc.,* 211 F.3d 495, 498–99 (9th Cir.2000).

The relevant factors weigh in favor of transferring venue to Oregon. Regarding the convenience of the parties, defendants are North Carolina residents, and plaintiffs are New York Corporations that no longer operate in Oregon. It would be more convenient for both parties to litigate in North Carolina.

The "interests of justice" also support transfer, because if this case truly is based on Plaintiffs speaking to Oregon's DOJ, then requiring venue for this retaliatory lawsuit will provide a disincentive for witnesses to provide information to the authorities, which presumably is the point. Both Oregon and North Carolina have a strong interest in this case not being litigated in Oregon.

Page 11 - **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

5.    **Special Motion to Strike – Or Rev Stat § 31.150.**

Defendants also bring a special motion to strike under Or. Rev. Stat. § 31.150, Oregon's

Anti-SLAPP statute.  This motion may be brought in federal court. *See Metabolic Research Inc*

*v. Ferrell,* 693 F.3d 795, 796 (9th Circ 2012).  As stated by the Ninth Circuit:

> "SLAPP" is an acronym for "strategic lawsuit against public
> participation." *United States ex rel. Newsham v. Lockheed Missiles
> & Space Co.,* 190 F.3d 963, 965 n. 2 (9th Cir.1999). "A SLAPP
> lawsuit is characterized as 'a meritless suit filed primarily to chill
> the defendant's exercise of First Amendment rights.' " *John v.
> Douglas Cnty. Sch. Dist.,* 125 Nev. 746, 219 P.3d 1276, 1280
> (2009) (citation omitted). The hallmark of a SLAPP lawsuit is that
> it is filed to obtain a financial advantage over one's adversary by
> increasing litigation costs until the adversary's case is weakened or
> abandoned. *Lockheed Missiles & Space Co.,* 190 F.3d at 970.

*Id.* at 796, n.1.

This is the type of lawsuit that Anti-SLAPP statutes are designed to prevent.

A.    **Oregon's Anti-SLAPP Statute.**

The Anti-SLAPP statute allows a defendant to move to strike a claim that arises out of:

> "(a) Any oral statement made, or written statement or other
> document submitted, in a legislative, executive or judicial
> proceeding or other proceeding authorized by law;
> (b) Any oral statement made, or written statement or other
> document submitted, in connection with an issue under
> consideration or review by a legislative, executive or judicial body
> or other proceeding authorized by law;
> (c) Any oral statement made, or written statement or other
> document presented, in a place open to the public or a public
> forum in connection with an issue of public interest; or
> (d) Any other conduct in furtherance of the exercise of the
> constitutional right of petition or the constitutional right of free

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

> speech in connection with a public issue or an issue of public interest."

Or. Rev. Stat § 31.150(2).[1]

A special motion to strike is designed to weed out meritless claims meant to harass or intimidate a person for exercising free speech rights or participating in judicial proceedings. *Young v. Davis,* 259 Or. App. 497, 508, 314 P.3d 350, 357 (2013). It is meant to prevent a plaintiff from requiring a defendant to incur substantial expense for meritless litigation. *Staten v. Steel,* 222 Or. App. 17, 29, 191 P.3d 778 (2008).

Thus the statute only requires a defendant to make a prima facie case showing that the claim arises out of a protected action. *Id.* The burden then shifts to the plaintiff to show that there is a probability that it will prevail on its claim by presenting "substantial evidence" to support the prima facie case. ORS 31.150(3); *O'Connor v. Cnty. of Clackamas*, No. 3:11-CV-1297-SI, 2012 WL 3756321, at *17 (D. Or. Aug. 28, 2012) (plaintiffs may not rely on pleading allegations in response to a motion to strike under Oregon's Anti-SLAPP law).

**B.     Plaintiffs' Allegations Arise out of Covered Activity.**

Plaintiffs' claims arise out of protected activity. Plaintiffs allege that Defendants made statements to various attorneys general, who opened up investigations and filed lawsuits against Defendants. This Court can take judicial notice of those complaints. (Kalmanson Dec.) This is the exact type of lawsuit covered by § 31.150(2)(b) and (d).

---

[1] A defendant must file a special motion to strike within 60 days of the service of the complaint, unless the trial court permits a later filing. § 31.152(1). The court must award reasonable attorney fees and costs to a defendant who prevails on a special motion to strike. *Id.* § 31.152(3). Defendants were personally served on May 7, making this motion timely. If it is not for some reason, Defendants request that the Court consider this motion, which was brought at Defendants' first appearance, and could not be brought before the jurisdictional motions.

Page 13 - **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

**C.    Plaintiffs Cannot Prove a Probability of Prevailing on their Claims.**

Plaintiffs cannot prove a probability of prevailing on their claim.  In the alternative, Defendants are moving to dismiss this claim under FRCP 12(b)(6) on these same grounds.

**1.    Plaintiffs' Claims Are Time-Barred.**

The statute of limitations for an IIER claim is two years from when the tort accrues. *Cramer v. Stonebridge Inn, Inc.*, 77 Or. App. 407, 411, 713 P.2d 645, 647 (1986) (citing ORS 12.110(1)).  Plaintiffs filed their lawsuit on March 24, 2015.  Thus the claim is time-barred if it accrued before March 24, 2013.

The Complaint establishes that Plaintiffs' claims are time-barred. Plaintiffs allege that Defendants began their conduct "in and around 2010."  (Cmplt, ¶ 18.) Orbital was injured by that conduct no later than 2011, when it was "not able to continue to maintain bank accounts." (*Id.*, ¶ 3.)  It then ceased operations altogether in 2012, "when it was no longer able to open and maintain banking relationships in Oregon." (*Id.*, ¶ 2.)  Liberty was formed in 2011 to take over "certain assets and liabilities of Orbital when it became apparent that Orbital would not be able to continue to maintain bank accounts."  Liberty necessarily was injured at the same time as Orbital – no later than 2011.  All of Plaintiffs' claims are time-barred.

**2.    Plaintiffs Cannot Prove a Probability of Prevailing Because Events Occurred After they Ceased Operations.**

Even if the claims are not time-barred, the allegations do not state a claim.  To state a claim for IIER, Plaintiffs must allege: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995).

Page 14 - **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Other than vague allegations made on "information and belief," the primary allegation in this lawsuit is conduct that occurred at a seminar in 2015. As neither Plaintiff was operating at this time, they cannot establish a probability of prevailing on their claim because there were no "economic relations" to interfere with, no "causal effect" between the interference and some identifiable relationship, and no damages. Plaintiffs cannot show a probability of prevailing on their claims.

### 3.    A "Chilling Effect" Due to Conduct of Attorneys General Does Not State a Claim.

Plaintiffs allege that Defendants caused various states to investigate them, those states contacted third parties, the third parties and the States filed lawsuits, and all of that together had "a chilling effect on Orbital and Liberty's business relationships with its banks, members of the publishing industry, vendors and customers." (Cmplt, ¶ 45.)  This does not state a claim. Plaintiffs must allege the "existence of a professional or business relationship" and "interference" with that relationship.  A general "chilling effect" on general categories of entities, *i.e.*, "vendors," does not state a claim.

Moreover, Plaintiffs allege that the State's conduct had a "chilling effect" on these unidentified business relationships.  This Court should forgive the tautology, but any "interference" caused by the State's investigation was caused the State's investigation.  Under Oregon law, this does not state a claim for interference with contractual relations. *Northwest Natural Gas Co. v. Chase Gardens,* 328 Or. 487, 502, 982 P.2d 1117 (1999) (holding business damages caused by third party unrelated to the defendant does not state a claim for intentional interference with business relations).

Finally, Plaintiffs cannot establish that Defendants, the State of Oregon, or anyone else acted with an "improper means" or for an "improper purpose."  Under Oregon law,

Page 15 - **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

> "[A] claim [of tort liability for intentional interference with a contractual or other economic relations] is made out when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. Defendant's liability may arise from improper motives or from the use of improper means. They may be wrongful by reason of a statute or other regulation, or a recognized rule of common law, or perhaps an established standard of a trade or profession." (Footnote omitted.)

> To be entitled to reach a jury, a plaintiff must not only prove that defendant intentionally interfered with his business relationship but also that defendant had a duty of non-interference; *i.e.,* that he interfered for an improper purpose rather than for a legitimate one, or that defendant used improper means which resulted in injury to plaintiff. Therefore, a case is made out which entitles plaintiff to go to a jury only `when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself."

*Id.* at 498 (internal quotations and citations omitted).

Wishing to put a plaintiff "out of business" does not state a claim – Oregon law does "not impose tort liability merely because a factfinder believes that a creditor should have abstained from pressing its legal rights * * * ." *Id.* at 502. Rather, "if liability in tort is based on an actor's means, then the means must violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law, or, perhaps, an established standard of a trade or profession." *Id.* at 498. The "burden of proof rests with a plaintiff to show both that a defendant intentionally interfered with the plaintiff's economic relationship and that the defendant had no privilege to do so. *Id.* at 498-99.

Here, this Court can take judicial notice that numerous states have sued Plaintiffs for fraudulent business practices. Plaintiffs cannot prove that these States, or anyone else who is alleged to have interfered with Plaintiffs, acted with an improper means or improper purpose, and that Defendants and these third parties "had no privileged to do so."

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

    4.    **Plaintiffs Cannot Prove a Probability of Prevailing Because Actions of Third Parties do Not State a Claim.**

Finally, Plaintiffs allege that "publishers and/or their customers" filed complaints about Plaintiffs' business practices, which interfered with Plaintiffs' relationships with banks and others. (*E.g.*, ¶ 38, 48, 49.) That is, Defendants allege that the "interference" with these banking relationships – if that is the specific contract that is at issue here – was caused by acts of third parties. Plaintiffs cannot prove a probability of prevailing on their claim based on "interference" by State authorities, publishers, their customers, or anyone other than Defendants.

**6.    Motion to Dismiss – Failure to State a Claim.**

Defendants final motion is to dismiss for failure to state a claim. This is in the alternative to defendants' motion under ORS 31.150.[2]

    A.    **General Pleading Standards.**

Plaintiffs allege that Defendants made fraudulent statements (*e.g.,* Cmplt, ¶¶ 10, 20, 27) but the Complaint is almost entirely alleged on "information and belief." This does not satisfy Rule 9(b), which requires allegations of fraud to be made "with specificity." That is reason enough to dismiss this case. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding all "averments of fraud" must be pleaded with specificity, even if fraud is not an essential element of a claim).

Moreover, this Court is familiar with the post-*Iqbal* pleading standards. A complaint must contain factual allegations that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Atlantic Corp v. Twombly*, 550 U.S. 544, 555

---

[2] The special motion to strike only allows dismissal without prejudice. Moreover, during conferral, Plaintiffs argued that the motion to strike should not apply in federal court. Defendants therefore are also moving to dismiss so that this Court can dismiss with prejudice, particularly on the statute of limitations and other issues that cannot be cured by amendment.

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

(2007).) Rule 8's pleading standards require "more than a sheer possibility" that a plaintiff can state a claim. It is not sufficient that allegations "conceivably" could state a claim; the theory must be "plausible." *Id.* at 679. In assessing "plausibility," the court must draw on its "judicial experience and common sense" and consider "obvious alternative explanation[s]." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011) (quoting *Iqbal*). In addition, the court must disregard legal conclusions that masquerade as factual allegations, which are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 679. The same should be true of allegations made on "information and belief" – allegations that cannot be made without equivocation should not be entitled to a presumption of truth.

### B.    Incorporation of Previous Arguments.

For the same reasons that Plaintiffs cannot prove a probability of prevailing on their claim under the anti-SLAPP law, Plaintiffs have not (and cannot) state a plausible claim that satisfies the pleadings standards set forth in *Twombly* and *Iqbal*. Common sense and judicial experience should lead this Court to conclude that Plaintiffs' allegations, made almost entirely on "information and belief," in a lawsuit filed 3000 miles from Defendants residence, at a time Plaintiffs are being sued for fraudulent business practices by numerous states, are meant to prevent Wells from being a witness.

Moreover, other than the allegations about the New York City seminar, Plaintiffs' Complaint contains no specific allegations that might state a plausible claim for relief for IIER that would satisfy Rule 9(b), *Twombly* or *Iqbal*. It is unknown what "business relations" are at issue, and how Defendants could have interfered with them when there are multiple lawsuits pending against these Plaintiffs, brought by others, for fraudulent business practices.

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Defendants also incorporate by reference the arguments made as part of the Anti-SLAPP motion: (1) Plaintiffs' claims are time-barred; (2) the allegations concern incidents that took place after they ceased operations; (3) a "chilling effect" due to investigations by state attorneys general does not state a claim against Defendants because it does not allege the existence of a business relationship, interference with that relationship, causation, or improper means/purpose; (4) purported interference with unnamed business relations by publishers and others does not state a claim against Defendants.

## CONCLUSION

Defendants request that this Court: (1) dismiss for lack of jurisdiction; (2) dismiss for improper venue; (3) in the alternative, transfer venue; (4) in the alternative, dismiss under Or. Rev. Stat. § 31.150; (5) in the alternative, dismiss for failure to state a claim under Rule 12(b)(6).

Respectfully submitted this 22nd day of June, 2015.

HART WAGNER LLP

_/s/ Matthew J. Kalmanson_
Matthew J. Kalmanson, OSB No. 041280
Of Attorneys for  Defendants

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**