IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ORBITAL PUBLISHING GROUP, INC., a New York corporation, and LIBERTY PUBLISHERS SERVICE, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGET WELLS, individually, and PERIODICAL WATCHGUARD, LLC., a North Carolina limited liability company,<br><br>Defendants. | Civ No. 1:15-CV-00480-CL<br><br>**REPORT & RECOMMENDATION** |

CLARKE, Magistrate Judge.

Plaintiffs Orbital Publishing Group, Inc. ("Orbital") and Liberty Publishers Service, Inc. ("Liberty") commenced this action on March 24, 2015. They alleged that Defendants Bridget Wells ("Wells") and Periodical Watchguard, LLC ("Periodical Watchguard") tortiously interfered with their magazine subscription business by disseminating false and harmful information about their business practices to magazine publishers, banks, and governmental agencies across the country.

1 – REPORT AND RECOMMENDATION

Defendants proposed multiple defects in Plaintiffs' suit. They moved to dismiss (1) for lack of personal jurisdiction; (2) for improper venue; (3) under Oregon's Anti-Strategic Lawsuits Against Public Participation ("SLAPP") statute, (4) based on the statute of limitations, and (5) for failure to state a claim. In opposition to Defendants' motion, Plaintiffs made contradictory representations about the nature of their suit. In order to establish personal jurisdiction, they contended that Defendants' communications with the Oregon Department of Justice ("DOJ") formed the basis of this litigation. Simultaneously, in order to avoid the application of Oregon's Anti-SLAPP statute, Plaintiffs asserted their claim was not related to Defendants' statements to the DOJ. On January 8, 2016, the Court granted Defendants' motion on two alternative grounds. The Court concluded that Oregon's Anti-SLAPP statute barred the action if it arose from Defendants' statements to the DOJ; and the Court lacked personal jurisdiction if it did not.

Currently before the Court is Defendants Motion for Attorney's Fees and Costs (#30) pursuant to OR. REV. STAT. § 31.152(3). Defendants contend that they are entitled to an award in the amount of $25,863.60 because they prevailed on their special motion to strike Plaintiff's case under Oregon's Anti-SLAPP statute. For the reasons set forth below, their motion should be GRANTED IN PART. A $5,000 reduction in their requested award is warranted.

## STANDARD

In a diversity case, the availability and amount of attorney's fees is determined by state law. Kern Oil & Ref. Co. v. Tenneco Oil Co., 792 F.2d 1380, 1388 (9th Cir. 1986). OR. REV. STAT. § 31.152(3) provides that "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." See also Page v. Parsons, 249 Or.App. 445, 463 (2012) ("Thus, the statute makes an attorney fee award mandatory in a case such as this, where a defendant prevails on a special motion to strike.").

To determine a reasonable amount of fees, courts consider factors set forth in OR. REV. STAT. § 20.075(1):

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Courts also assess reasonableness in terms of OR. REV. STAT. § 20.075(2)'s factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

/ / /

/ / /

/ / /

## DISCUSSION

Defendants contend that OR. REV. STAT. § 31.152(3) mandates their requested award. In pertinent part, it provides that a party who secures the dismissal of a case under Oregon's Anti-SLAPP statute "shall be awarded reasonable attorney fees and costs." OR. REV. STAT. § 31.152(3) (emphasis added). In response, Plaintiffs challenge Defendants' status as prevailing parties. Because the Court found in Defendants' favor on alternative grounds, Plaintiffs argue Defendants did not fully prevail under Oregon's Anti-SLAPP statute and thus are not entitled to an award. The Court disagrees. It would be nonsensical to bar Defendants' recovery because they advanced multiple successful reasons for dismissal. The Court granted Defendants' motion in part because Oregon's Anti-SLAPP law barred Plaintiffs' claim. Plaintiffs have failed to provide any support for their contention that the alternative nature of the Court's ruling lessened Defendants' success under the statute. Therefore, the Court finds that Defendants qualify as prevailing parties who are entitled to an award under OR. REV. STAT. § 31.152(3).

Having determined that Defendants are owed reasonable fees and costs, the Court turns to the reasonableness of Defendants' petition. Defendants seek $20,854 in attorney's fees for 105.60 hours of work. Neither side cites any of the reasonableness factors set forth in OR. REV. STAT. § 20.075(1)&(2) in regards to this request. The Court does not have sufficient information to inquire into multiple factors such as "time limitations imposed by the client or the circumstances of the case." OR. REV. STAT. § 20.075(2)(e). Other factors, like the parties diligence in pursuing settlement, are not particularly pertinent to Defendants' petition. OR. REV. STAT. § 20.075(1)(f). As such, the Court will focus on those factors that are most relevant here. See Northon v. Rule, 494 F. Supp. 2d 1183, 1186 (D. Or. 2007) (discussion those considerations that were particularly relevant to the case at hand). Defendants provided billing reports detailing

how their attorneys spent 105.60 hours defending this action. Kalmanson Decl. Ex A, at 12. Reviewing those reports in light of the difficulty and outcome of this case, the Court finds Defendants' attorneys expended a reasonable amount of time. Defendants' attorneys' hourly rates fall below average rates for attorneys with similar experience. Kalmanson Decl. ¶¶ 4-5. For these reasons, the Court finds Defendants' request for $20,854 in attorney's fees is reasonable and should be granted.

Defendants also request $9.60 in costs, supported by a separate detailed report. Kalmanson Decl. Ex. A, at 13. Under Oregon law, a party who prevails on a special motion to strike is entitled to recover reasonable costs, in addition to attorney fees. OR. REV. STAT. § 31.152(3). Plaintiffs do not challenge this request. The Courts finds that the costs sought by Defendants were reasonably incurred and, therefore, recommends their recovery.

Finally, Defendants seek $5,000 in "anticipated collection costs." Def.'s Mot., at 1. In support of this request, Defendants state "it is reasonable to presume that it will take significant effort to collect any judgment against Plaintiffs" given the multiple lawsuits filed against them. Def.'s Mot., at 3. Defendants do not cite any precedent to establish that they are entitled to preemptively collect their expected costs of collection. Nor do they offer an accounting to show how they arrived upon $5,000. Because there is no legal or factual support for an award of $5,000 in projected expenses, Defendants' petition should be reduced by that amount.

## RECOMMENDATION

As outlined above, Defendants' Motion for Attorney's Fees and Costs (#30) should be GRANTED IN PART. Defendants are entitled to $20,863.60 in fees and costs.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV.

P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. Id.

DATED this 24 day of March 2016.

_____
MARK D. CLARKE
United States Magistrate Judge